# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM ALBERT HYNSON,    | Civil No. 05cv0759-BTM (WMc) |
|---|---|
| Petitioner,  | **ORDER:** |
| vs. | **(1) ADOPTING IN PART THE FINDINGS OF UNITED STATES MAGISTRATE JUDGE;** |
|  | **(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND** |
| PRUNTY, Warden,  |  |
| Respondent. | **(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY** |

Petitioner is a California prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that the application of California's Three Strikes law to enhance his sentence resulted in a violation of his federal constitutional rights because that statute is vague and failed to give him adequate notice of the conduct it prescribes and the punishment it imposes (claim one), and because it violates ex post facto principles (claim two); and that his trial and appellate counsel rendered ineffective assistance by failing to raise those issues in the trial and appellate courts (claim three).

Presently before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge William McCurine, Jr., which recommends the Petition be denied. (Doc. No. 14.) The Magistrate Judge found that Petitioner's claims were procedurally defaulted, and that Petitioner had failed to establish cause and prejudice to excuse the default or

show that a fundamental miscarriage of justice would result from the failure of this Court to reach the merits of his claims. (R&R at 6-25.) Alternately, the Magistrate Judge found that an independent review of the record revealed that the state court's denial of the claims was neither contrary to, nor involved an unreasonable application of, clearly established federal law, for the same reasons Petitioner had failed to show prejudice resulting from the procedural default, namely, because the claims were without merit. (Id. at 25.)

No party has filed objections to the R&R. The Court has reviewed the R&R pursuant to 28 U.S.C. § 636(b)(1), which provides that: "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1) (West Supp. 2006). The Court has reviewed the R&R under this standard and for the following reasons adopts in part the findings of the Magistrate Judge, denies habeas relief, and declines to issue a Certificate of Appealability.

**I.     Procedural Default**

The claims presented in this Court were presented to the state court for the first and only time in a habeas petition filed in the state supreme court, which was denied by an order which stated in full: "Petition for writ of habeas corpus is denied as successive (see *In re Clark* (1993) 5 Cal.4th 750), and on the merits." (R&R at 4.) The Magistrate Judge correctly found that the fact that the state court reached the merits of the claim in the alternate to imposing the procedural bar of successiveness did not preclude a finding of procedural default in this Court, provided the citation to Clark represented an independent and adequate procedural bar. (R&R at 7.) The Court declines to adopt the finding that the procedural bar imposed by the state court here is independent of federal law. As the Magistrate Judge noted, the fourth exception under state law to imposition of the Clark bar is in issue here, as Petitioner has alleged that a fundamental miscarriage of justice occurred because he was convicted under an invalid statute. (R&R at 10.) However, the determination whether California's Three Strikes law is invalid because, as Petitioner claims, it violates federal ex post facto principles, is necessarily intertwined with

federal law, a point recognized in the R&R when it applied federal law to determine that the Three Strikes law did not violate ex post facto principles. (R&R at 10-11, citing Bennett v. Mueller, 322 F.3d 573, 582 n.1 (9th Cir. 2003) (holding that the first three Clark exceptions are independent of federal law but reserving the issue with respect to the fourth exception).) Because the citation to Clark here did not represent the imposition of an independent procedural bar, Petitioner's claims are not procedurally defaulted. Id. at 581.

**II.     The Merits**

The Court adopts the Magistrate Judge's finding that an independent review of the record reveals that Petitioner's claims are without merit for the reasons set forth in the "Prejudice" section of the R&R. (See R&R at 15-24.) As the R&R correctly noted, the challenges to California's Three Strikes law presented here were well settled adversely to Petitioner at the time of his trial. (Id.) The failure of his trial and appellate counsel to challenge the use of the prior conviction to enhance Petitioner's sentence on the basis that California's Three Strikes law was unconstitutional, therefore neither rose to the level of deficient performance nor prejudiced Petitioner. Even to the extent Petitioner contends he was misinformed when he pled guilty to the prior conviction that it could only be used to enhance his sentence by five years (see Memorandum of Points and Authorities in Support of Petition at 5, 15-16), his sentence was enhanced less than five years as a result of the prior conviction. (R&R at 3.)

Therefore, the Court adopts the Magistrate Judge's finding that an independent review of the record reveals that the state supreme court's denial of the claims "on the merits" was neither contrary to, nor involved an unreasonable application of, clearly established federal law within the meaning of 28 U.S.C. § 2254(d). The Court declines to issue a Certificate of Appealability with respect to any of the claims presented in the Petition. See Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (providing that threshold "substantial showing of the denial of a constitutional right," is met by demonstrating that: (1) the issues are debatable among jurists of reason; or (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further).

/ / /

## III.  Conclusion and Order

Based on the foregoing, the Court:

(1) **ADOPTS** in part the Magistrate Judge's findings and conclusions as set forth above; (2) **DENIES** the Petition for writ of habeas corpus; and (3) **DECLINES** to issue Certificate of Appealability as to any claim encompassed in the Petition.

**IT IS SO ORDERED.**

DATED:  December 13, 2006

*Barry Ted Moskowitz*
Hon. Barry Ted Moskowitz
United States District Judge